UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHANE CROWLEY,

<table>
<tr><td></td><td>Plaintiff,</td><td>21-cv-5483 (PKC)</td></tr>
</table>

       -against-                                   OPINION
                                                           AND ORDER

JOSEPH GUILLERMO JONES p/k/a "JIM
JONES," an individual doing business as "THE
FRAUD DEPARTMENT"; RORY WILLIAM
QUIGLEY p/k/a "HARRY FRAUD," an
individual, and doing business as "THE FRAUD
DEPARTMENT"; EMPIRE DISTRIBUTION
INC., a California Corporation; 2428392, INC., a
Delaware corporation, individually and doing
business as "FYE"; AMOEBA MUSIC, INC., a
California corporation; and DOES 1-10,

                         Defendants.
----------------------------------------------------------x

CASTEL, U.S.D.J.

        In November 2020, plaintiff Shane Crowley photographed defendant Joseph

Guillermo Jones, a popular rap artist who performs under the name "Jim Jones." Crowley later

emailed the photographs to Jones's manager, non-party Tony Villegas. In a text message,

Crowley requested that Villegas "have these images credited if used." Villegas asked Crowley

to clarify what he meant, and Crowley responded, "if used on web credit – Shane Crowley and if

used on IG tag or @ @shaneroowwley." Villegas accepted Crowley's request with the reply,

"Ok bet. Got you"

        According to the Second Amended Complaint (the "Complaint"), one of those

photographs (the "Photograph") was thereafter used without credit as cover art for Jones's 2021

album "The Fraud Department," exploiting it in a derivative form on both online music services

and physical albums sold on vinyl and CD.  Crowley asserts that these uses went beyond the nonexclusive license that he granted to Villegas in their text-message exchange, and brings claims under the Copyright Act and the Digital Millennium Copyright Act ("DMCA").

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Because the Complaint plausibly alleges that defendants' exploitation of the Photograph was not permitted by the license from Crowley to Villegas, the motion to dismiss the copyright infringement claims will be denied.  Defendants' motion to dismiss Crowley's request for statutory damages and attorneys' fees will be granted, as will the motion to dismiss his claim brought under the DMCA.

FACTS ALLEGED IN THE COMPLAINT.

The Court accepts the non-conclusory allegations of the Complaint as true and draws all reasonable inferences in favor of Crowley as the party opposing the motion.  The Complaint refers to the grant of a license but does not annex the text-message exchange in which the license was purportedly granted.

Crowley is a photographer of hip-hop music and culture.  (Compl't ¶ 12.) Defendant Rory William Quigley, who performs under the stage name "Harry Fraud," collaborated with Jones on an album released in 2021 called "The Fraud Department."  (Compl't ¶¶ 5-6, 19, 50.)

The Complaint alleges that Crowley took photographs of Jones that he later transmitted to Villegas, and that a modified version of one of the photographs (the "Photograph") was used as album art for "The Fraud Department."  On November 8, 2020, Crowley sent the Photograph to Villegas via e-mail.  (Compl't ¶ 15.)  The Photograph was later registered with the United States Copyright Office, and appears as follows:



(Compl't ¶ 13 & Ex. A.)

        The Complaint makes frequent reference to a "license" granted from Crowley to Villegas for the Photograph, conditioned on crediting Crowley as the photographer.  (See, e.g., Compl't ¶¶ 16, 17, 18, 22, 34.)  The Complaint does not set forth the precise terms of the license or the words used to grant the license.  Defendants' motion annexes an exchange of text messages between Crowley and Villegas about the use of Crowley's photographs.  (Docket # 43.)  In opposition, Crowley does not dispute that these messages were the basis of the purported license.  (Opp. Mem. at 5-8.)  Because these messages appear to constitute the license referenced throughout the Complaint, they are properly considered on this Rule 12(b)(6) motion.  Goel v. Bunge, Ltd., 820 F.3d 554, 558-59 (2d Cir. 2016) (documents integral to a complaint may be considered on a motion to dismiss).

Crowley and Villegas (who goes by the nickname "Capone") exchanged the following messages on November 9, 2020:



(Villegas Dec. Ex. B.)

On February 19, 2021, defendants released the album "The Fraud Department" on various digital platforms, and released the album on vinyl and compact disc at some point thereafter.  (Compl't ¶ 19.)  The album art featured a derivative and uncredited version of the Photograph, several exemplars of which are reproduced in the Complaint, including the following:



(Compl't ¶¶ 25-27.)

Crowley asserts that he did not authorize this use and exploitation of the Photograph.  (Compl't ¶ 22.)  The Complaint states, "To the extent Plaintiff at one point granted a limited, non-exclusive license, that license failed for lack of consideration and an unmet condition, and has since been revoked."  (Compl't ¶ 22.)  Crowley also asserts that defendants ignored a cease-and-desist letter than he sent on March 31, 2021.  (Compl't ¶ 24.)

Count One of the Complaint asserts a claim of copyright infringement against all defendants and Count Two alleges vicarious and/or contributory copyright infringement against all defendants.  (Compl't ¶¶ 29-46.)  Count Three alleges that defendants violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202, by adding their own names and logo and removing Crowley's copyright-management information.  (Compl't ¶¶ 47-54.)

Defendants assert that their exploitation of the Photograph was consistent with the license granted in the text-message exchange, and that the Complaint therefore does not plausibly allege acts of copyright infringement.  They also argue that the Complaint does not

plausibly allege a violation of the DMCA, both because Crowley has not alleged that he included any copyright management information on the Photograph and because the version of the Photograph used as album art is a derivative of the original image.

RULE 12(b)(6) STANDARD.

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of a pleading, a court must disregard legal conclusions, which are not entitled to the presumption of truth. Id. Instead, the Court must examine the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208-09 (2d Cir. 2014) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)).

"A motion brought under Rule 12(b)(6) challenges only the legal feasibility of a complaint. The test of a claim's substantive merits is reserved for the summary judgment procedure, governed by [Rule] 56, where both parties may conduct appropriate discovery and submit the additional supporting material contemplated by that rule." Goel, 820 F.3d at 558-59 (citation and quotation marks omitted). A court adjudicating a motion to dismiss may consider "only a narrow universe of materials" beyond the pleadings, including documents incorporated into the complaint by reference and matters of which judicial notice may be taken. Id. at 559. A court also may consider a document that is "integral" to the complaint, even if it is not expressly referenced – most typically a contract or other legal document. Id. Fact-based arguments raised

in declarations or exhibits that are not integral to a complaint are not properly considered on a Rule 12(b)(6) motion.  See, e.g., Marquette Transportation Fin., LLC v. Soleil Chartered Bank, 2020 WL 122975, at *6 (S.D.N.Y. Jan. 16, 2020) (Schofield, J.).

DISCUSSION.

> I.       Defendants' Motion to Dismiss Based on the "Nonexclusive License"
> from Crowley Will Be Denied.

Defendants urge that Counts One and Two fail to plausibly allege copyright infringement because Crowley granted defendants a nonexclusive license to use the Photograph. In opposition, Crowley notes that his text messages with Crowley referenced publication of his work on the "web" and Instagram, and that he did not consent to any broader exploitation. Based on the Complaint and the language of the text messages, the Court concludes that the Complaint plausibly alleges copyright infringement.

"'Copyright infringement is established when the owner of a valid copyright demonstrates unauthorized copying.'"  Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d Cir. 2003) (quoting Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137-38 (2d Cir. 1998)).  However, a "[a] copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement."  Graham v. James, 144 F.3d 229, 236 (2d Cir. 1998).  "The existence of a license is an affirmative defense, placing upon the party claiming a license the burden of coming forward with evidence of one."  Spinelli v. Nat'l Football League, 903 F.3d 185, 197 (2d Cir. 2018) (quotation marks omitted).  An affirmative defense "may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."  Chen v. Major League Baseball Properties, Inc., 798 F.3d 72, 81 (2d Cir. 2015) (quotation marks omitted).

The existence of a license "requires proof, at a minimum, 'of a meeting of the minds between the licensor and licensee such that it is fair to infer that the licensor intended to grant a nonexclusive license.'" Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F. Supp. 3d 339, 349 (S.D.N.Y. 2017) (Furman J.) (quoting Assoc. Press v. Meltwater U.S. Holdings, Inc., 931 F.Supp.2d 537, 562 (S.D.N.Y. 2013) (Cote, J.)). "'There can be no meeting of the minds . . . where essential material terms are missing.'" Id. (quoting Vian v. Carey, 1993 WL 138837, at *3 (S.D.N.Y. Apr. 23, 1993) (Mukasey, J.)). "By contrast, where only the scope of the license is at issue, it is the copyright owner's burden to show that the defendant's use of a work was unauthorized." Spinelli, 903 F.3d at 197 (quotation marks and bracket omitted). "If a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement." Sohm v. Scholastic Inc., 959 F.3d 39, 46 (2d Cir. 2020) (quotation marks and alteration omitted).

Relying solely on the allegations of the Complaint and without consideration of the text-message exchange, the Complaint comfortably states a claim for relief. It asserts that "any license that at one point existed would not have permitted use of the Subject Photograph without credit, or on apps or physical album covers, and it would not allow for sublicensing or assignment." (Compl't ¶ 16.) But considering the text-message exchange, as defendants urge, does not alter the results. As noted, the Court may consider the text-message exchange on this motion without converting it into one for summary judgment. Defendants urge that, based on the text of the Complaint and the text messages between Crowley and Villegas, Crowley granted a nonexclusive license to exploit the Photograph, including as digital album art. But the Court concludes that a reasonable fact finder could find that any license reflected in the message exchange is limited in scope and does not extend to the accused work.

In their text exchange, after Crowley requested that he be credited as photographer, Villegas asked "[w]hat you mean exactly," and Crowley specified his request for credit on the Photograph "if used on web" and "if used on IG . . . ."  However, the Complaint plausibly describes exploitation of the Photograph that goes beyond the "web" and Instagram, and asserts that it was used in derivative form as art for "The Fraud Department" album on apps, online retail sites and streaming platforms, as well as physical albums.  (Compl't ¶¶ 14, 16, 19.) Defendants urge that Crowley's reference to the "web" should be understood to include a variety of online platforms, and that the mention of Instagram amounted to a license to post the Photograph to apps other than Instagram.  But, at the pleading stage, the Court is unable to conclude that the spare language of the text exchange demonstrated that Crowley and Villegas agreed that the word "web" would encompass the Photograph's use on apps and streaming platforms.  Indeed, Crowley's specific reference to Instagram appears to reflect the understanding that any photograph's exploitation on apps would be limited to Instagram.

Defendants also make factual assertions that are not properly considered on a motion to dismiss, and the Court declines to consider them on this motion.  The Declaration of Eamon Mulligan, an officer at defendant Empire Distribution, Inc., asserts that the Photograph was not used in CD and vinyl versions of "The Fraud Department" album.  (Docket # 44.)  The Declaration of Leonard F. Lesser also describes the declarant's experience of purchasing CD and vinyl copies of "The Fraud Department" that did not include the Photograph as cover art.  (Docket # 45.)  However, the Complaint alleges that the Photograph was, in fact, used for physical albums, and it includes screenshots from retail sites that show a derivative of the Photograph as the packaging art on physical albums.  (Compl't ¶¶ 26-27.)  These screenshots

support the plausibility of Crowley's non-conclusory, factual assertion that the Photograph was used as art on physical albums.  Similarly, Villegas's factual assertions that he "had forgotten" that Crowley had taken the Photograph, that the photograph "was easily replaced" by other art, and that the Photograph was used only in "web based posts and thumbnails" are not properly considered on a motion to dismiss.  (Villegas Dec. ¶¶ 10-12.)  Because the Complaint plausibly alleges that defendants exploited the Photograph in mediums that were not included in the nonexclusive license, the motion to dismiss the copyright-infringement claims in Counts One and Two will be denied.

II.     Defendants' Arguments Related to Photographer Credit and Consideration Do Not Require the Dismissal of Any Claim.

The Complaint asserts that defendants acted contrary to the parties' license by exploiting the Photograph without properly crediting Crowley.  (Compl't ¶¶ 14, 16-17, 19, 22.) It describes artist credit as a "condition" of the license and asserts that defendants' failure to credit Crowley resulted in the license's termination.  (Compl't ¶ 17.)

In moving to dismiss, defendants urge that any failure to credit Crowley amounted to a breach of contract but does not allow for a claim of copyright infringement. "Generally, 'if the licensee's improper conduct constitutes a breach of a covenant undertaken by the licensee and if such covenant constitutes an enforceable contractual obligation, then the licensor will have a cause of action for breach of contract,' not copyright infringement." Sohm, 959 F.3d at 45 (quoting Graham, 144 F.3d at 236).  "However, 'if the nature of a licensee's violation consists of a failure to satisfy a condition to the license, it follows that the rights dependent upon satisfaction of such condition have not been effectively licensed, and therefore, any use by the licensee is without authority from the licensor and may therefore, constitute an infringement of copyright.'"  Sohm, 959 F.3d at 45 (quoting Graham, 144 F.3d at 237).  Under

New York law, the terms of an agreement are presumed to be covenants rather than conditions, but "[l]inguistic conventions of condition – such as 'if,' 'on condition that,' 'provided that,' 'in the event that,' and 'subject to[ ]' – can 'make plain' a condition precedent." Id. at 45-46 (collecting cases).

By requesting credit "if used on web" and "if used on IG," Crowley used the type of "linguistic convention[ ] of condition" that plausibly supports reading the exchange as setting forth a condition rather than a covenant.  Id.  At the Rule 12(b)(6) stage, where every reasonable inference is drawn in favor of the plaintiff as non-movant, the use of the conditional "if" plausibly alleges that the requirement of photo credit was a condition of the license rather than a covenant.  The ultimate construction of the license is better undertaken after the close of discovery on a more complete factual record.

The Complaint also asserts that the "license failed for lack of consideration . . . ." (Compl't ¶ 22.)  Defendants urge that they granted consideration to Crowley because they agreed to give him public credit as the images' photographer, as well as by permitting him to take the photographs.  Again, however, the Complaint plausibly alleges that defendants' exploitation of the Photograph went beyond the uses permitted by any license and amounted to acts of infringement.  Even if defendants are correct that they provided consideration for the license and the license remained in effect, the Complaint would still plausibly allege infringing uses of the Photograph.

Defendants' motion to dismiss on these grounds will therefore be denied.

III.    Crowley's Requests for Statutory Damages and Attorneys' Fees Will Be Dismissed.

Crowley seeks statutory damages and attorneys' fees under the Copyright Act. (Compl't ¶¶ 38, 46.)  Section 412 of the Copyright Act precludes a fees award and statutory

damages for an act of infringement that commenced prior to the date of the copyright's registration.  Courts in this Circuit have consistently held that section 412 applies to ongoing acts of infringement that commenced prior to registration.  Because defendants' alleged acts of infringement began on February 19, 2021 and Crowley's copyright was not registered until April 19, 2021, his requests for statutory damages and attorneys' fees will be dismissed.

Section 504(a) of the Copyright Act provides that a copyright infringer is liable for either the copyright owner's actual damages or statutory damages.  17 U.S.C. § 504(a).  Section 505 provides that a court may award reasonable attorney's fees to the prevailing party in a copyright action.  Id. § 505.  However, "17 U.S.C. § 412 precludes an award of attorney's fees for any act of infringement commenced prior to the effective date of registration of the asserted copyright."  Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1012 (2d Cir. 1995); 17 U.S.C. § 412 ("no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for – (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration . . . .").  "Even '[w]here the alleged infringement begins before registration and continues after registration, statutory damages and attorney fees are still unavailable.'"  Solid Oak Sketches, LLC v. 2K Games, Inc., 2016 WL 4126543, at *2 (S.D.N.Y. Aug. 2, 2016) (Swain, J.) (quoting Argentto Sys., Inc. v. Subin Assocs., LLP, 2011 WL 2534896, at *2 (S.D.N.Y. June 24, 2011) (Sweet, J.)).  As explained by Judge Swain:

> Courts in this district have held that Section 412 of the Copyright Act imposes a bright-line rule that precludes recovery of statutory damages and attorneys' fees where the first act of infringement in a series of ongoing infringements occurred prior to the work's copyright registration, finding such a bright-line rule preferable to case-by-case analyses of whether a series of infringements has stopped sufficiently such that the restart constitutes a new set of infringements.

Id. (quotation marks omitted); accord Craig v. UMG Recordings, Inc., 380 F. Supp. 3d 324, 336 (S.D.N.Y. 2019) (Oetken, J.) (collecting cases); Shady Recs., Inc. v. Source Enterprises, Inc., 2005 WL 14920, at *20-22 (S.D.N.Y. Jan. 3, 2005) (Lynch, J.).  However, section 412 does not bar statutory damages and attorneys' fees if the initial, ongoing infringement has "ceased for an appreciable period of time."  Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 159 (2d Cir. 2007). Judge Swain has concluded that a one-year gap separating pre-registration infringement from post-registration infringement was continuous, and not the type of "appreciable period" referenced in Troll.  Solid Oak, 2016 WL 4126543, at *3.

Conspicuously, the Complaint does not identify the date of the Photograph's copyright registration.  It alleges that Crowley created the Photograph "and registered the work with the U.S. Copyright Office under VA-2-249-138."  (Compl't ¶ 13.)  The Complaint identifies February 19, 2021 as the date when "The Fraud Department" was digitally released. (Compl't ¶ 19.)  The Complaint later alleges, on information and belief, that the release of physical vinyl records and compact discs bearing a derivative of the Photograph post-dated Crowley's copyright registration, and that the Photograph was used in other online marketing materials after the date of registration.  (Compl't ¶¶ 19, 27-28.)

The Court takes judicial notice that the United States Copyright Office has recorded a single copyright for Crowley, which is dated April 19, 2021, for Registration Number VA0002249138.[1]  See Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) (published copyright registrations are properly subject to judicial notice). Though in a different format, this Registration Number matches the number cited in the Complaint.  The April 19, 2021 registration post-dates by two months the digital release date of

---

[1] https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First

"The Fraud Department." (Compl't ¶ 19.) The Complaint describes continuous and ongoing acts of infringement over a period of a few months, which both pre-date and post-date the registration date of the Photograph.

Because defendants' continuous acts of infringement "commenced prior to the effective date of registration of the asserted copyright," plaintiff's requests for statutory damages and attorneys' fees are barred by 17 U.S.C. § 412. Defendants' motion to dismiss Crowley's requests for such relief will be granted.

IV.     Crowley's DMCA Claim Will Be Dismissed.

Count Three alleges that defendants violated the DMCA, 17 U.S.C. § 1202, by removing copyright-management information ("CMI") from the Photograph and adding their own information to the image. (Compl't ¶¶ 47-54.) The Complaint describes defendants' exploitation of the Photograph as "an unlawful derivative that is false" and contains "false" CMI, specifically by adding the names "Jim Jones" and "Harry Fraud" to the photo, along with a logo. (Compl't ¶ 50.) The Complaint alleges that any viewer of the album art would believe that defendants authored and owned the image. (Compl't ¶ 52.)

The DMCA provides that no person shall knowingly "provide" or "distribute" false CMI with the intent to facilitate or conceal infringement. 17 U.S.C. § 1202(a). CMI includes "[t]he name of, and other identifying information about, the author . . . [or] copyright owner of the work." Id. § 1202(c)(2)-(3). "Therefore, to state a claim under Section 1202(a), a plaintiff must allege that the defendant both knew that the CMI was false, and provided or distributed the false CMI with the intent to induce, enable, facilitate, or conceal infringement." Wood v. Observer Holdings, LLC, 2021 WL 2874100, at *5 (S.D.N.Y. July 8, 2021) (Stanton, J.) (quotation marks omitted).

However, where an allegedly infringing work is derivative to the original, a defendant does not violate the DMCA by printing his own name on the derivative work, even if the derivative work is an act of infringement.  Park v. Skidmore, Owings & Merrill LLP, 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019) (Sullivan, J.).  In other words, a defendant "cannot violate the DMCA by associating its name" with a derivative work that "is unquestionably a distinct work," even if the derivative work infringes a copyright.  Id.; accord Dominick R. Pilla, Architecture-Engineering P.C. v. Gilat, 2022 WL 1003852, at *26 (S.D.N.Y. Mar. 29, 2022) ("Even if Defendants had improperly infringed upon Plaintiff's copyright by incorporating protected features into their redesign, Defendants did not violate the DMCA by printing [Plaintiff's] name on the distinct products [Plaintiff] had generated.") (Karas, J.) (quotation marks omitted); Michael Grecco Prods., Inc. v. Time USA, LLC, 2021 WL 3192543, at *5 (S.D.N.Y. July 27, 2021) ("a party that puts its own CMI on work distinct from work owned by a copyright holder is not liable under Section 1202(a), even if the party's work incorporates the copyright holder's work.") (Buchwald, J.).

The Complaint repeatedly describes defendants' allegedly infringing use of the photograph as a derivative work, an assertion that is consistent with the exemplars included in the Complaint.  (See, e.g., Compl't ¶¶ 19, 23, 26, 30 & Ex. A.)  As reflected in the Complaint's exemplars, defendants altered the Photograph by using a grainy, horizontal filter that gives an appearance similar to closed-circuit camera footage, and adding boundary lines and a central grid similar to what a photographer would see when looking through a camera.  The text "Jim Jones & Harry Fraud" and "The Fraud Department" identify the album's musical artists, and a logo appears at the bottom of the image.  While the Complaint plausibly alleges that defendants' use of the Photograph was an act of infringement, it also expressly identifies that use as derivative,

an assertion that is consistent with the images included in the Complaint.  Because the Complaint alleges that defendants associated their names with a distinct work, Crowley's claim under section 1202(a) will be dismissed.

The DMCA also provides that no person shall "intentionally remove or alter any [CMI]" without the authority of the copyright owner.  Id. § 1202(b).  "To establish a violation of this subsection, a litigant must show (1) the existence of CMI on the allegedly infringed work, (2) the removal or alteration of that information and (3) that the removal was intentional." Fischer v. Forrest, 968 F.3d 216, 223 (2d Cir. 2020).

Defendants' motion to dismiss the section 1202(b) claim will be granted because the Complaint does not identify the existence of CMI on the Photograph.  It asserts that Crowley's work "was routinely published with attribution, credit and other copyright information," but it does not describe any CMI associated with the Photograph.  (Compl't ¶ 48.) The subsequent allegation that defendants altered or removed Crowley's CMI is conclusory and does not identify any CMI.  (Compl't ¶ 49.)  The original of the Photograph annexed at Exhibit A does not reflect any visible CMI, nor does the Complaint does not allege that any CMI metadata was contained in the Photograph.  Because the Complaint fails to allege the existence of any CMI associated with the photograph, the claim under section 1202(b) will be dismissed.

Lastly, because the Complaint does not plausibly allege a violation of the DMCA, Crowley's request for statutory damages and attorneys' fees under the DMCA will also be dismissed.

## V.    Leave to Amend Will Be Denied.

Lastly, Crowley requests leave to amend the Complaint in the event that the Court concludes that his pleadings "are deficient in any way."  (Opp. Mem. 16.)  Crowley has twice

amended his pleading, first in September 2021 and then in October 2021, both times after receipt of a pre-motion letter from defendants.  (Docket # 24, 33.)  Crowley does not explain the basis for any new amended.  Leave to amend is therefore denied.

On August 20, 2021, defendants Jones and Quigley filed a five-page, single-space letter outlining deficiencies in the Complaint, relying on the content of the text messages and arguing that the language reflected a covenant rather than a condition.  (Docket # 10.)  Empire joined the letter.  (Docket # 14.)  Plaintiff responded asserting that defendants' positions were without merit but alternatively seeking leave "to amend his complaint to cure the perceived deficiencies and obviate the need for, or streamline, Defendants' motion practice."  (Docket # 20.)

Thereafter, the Court granted leave to amend (Docket # 21) and on September 17, 2021, plaintiff filed a First Amended Complaint (Docket # 24).  Defendants Jones and Quigley (Docket # 27) later joined by Empire (Docket # 28) pointed out continued deficiencies in the First Amended Complaint.  Initially, plaintiff did not seek leave to amend (Docket #29) but changed his position and sought further leave to amend (Docket # 30).  The Court granted leave to file a Second Amended Complaint (Docket # 32), which was filed thereafter (Docket # 33).  With the Second Amended Complaint in hand, plaintiff may no further request to amend, but answered the motion 22 days after it was filed.  Given the latitude afforded to plaintiff in making amendments, his present vague, non-specific request for leave to amend in the event his complaint was found deficient in any way is denied.

CONCLUSION.

Defendants' motion to dismiss is DENIED as to Count One and Count Two.  It is GRANTED as to plaintiff's request for statutory damages and attorneys' fees under the

- 17 -

Copyright Act.  It is also GRANTED as to Count Three.  Plaintiffs' request for leave to amend is

DENIED.

      The Clerk is respectfully directed to terminate the motion.  (Docket # 41.)

      SO ORDERED.

                        P. Kevin Castel
                 United States District Judge

Dated:  New York, New York
       June 22, 2022